UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANTHONY BONNER AND MELVIN SMITH | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-13390 |
| PRESTON PETE AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION "R" (2) |

# ORDER AND REASONS

Defendant Preston Pete moves to remand this case to state court.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of a motor vehicle accident between plaintiff Melvin Smith and defendant Preston Pete on April 24, 2017.[2] Smith and Anthony Bonner, who owned the vehicle Smith was driving, sued Pete and State Farm Automobile Insurance Company in state court on October 24, 2017.[3] Pete removed the case to this Court on November 27, 2017, on the

---

[1] R. Doc. 4.
[2] R. Doc. 1-3 at 1.
[3] *Id.* Pete was originally sued as "Pete Preston."

basis of diversity jurisdiction.[4]  Plaintiffs have stipulated that each plaintiff's damages do not exceed $75,000.[5]  In light of these stipulations, Pete moves to remand this case to state court.[6]  Plaintiffs do not oppose this motion.

## II.  DISCUSSION

Unless a federal statute expressly provides otherwise, a defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the case.  28 U.S.C. § 1441(a).  The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."  *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

---

[4]  R. Doc. 1 at 4.
[5]  R. Doc. 4-1.
[6]  R. Doc. 4.

District courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The jurisdictional facts that support removal" must exist at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* at 882 (citing La. Code Civ. Proc. art. 893.). Courts may consider post-removal stipulations by plaintiffs as to the amount in controversy "only if the basis for jurisdiction is ambiguous at the time of removal." *Id.* at 883. But "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal," post-removal stipulations cannot deprive a federal court of jurisdiction. *Id.*

The amount in controversy is not facially apparent from plaintiffs' petition. Smith seeks damages for pain and suffering, medical expenses, lost wages, and disability.[7] While such damages could support a higher award, the state court petition does not suggest that Smith's injuries were severe enough to justify damages exceeding $75,000. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999) (finding that amount of

---

7   R. Doc. 1-3 at 2.

controversy above $75,000 was not facially apparent from complaint that "alleged, with little specificity, damages from less severe physical injuries"). Bonner, meanwhile, seeks compensation for damage to his vehicle and rental car expenses.[8] According to documents attached to the state court petition, Bonner's car sustained only $25,839.48 in damage.[9] Because Smith's and Bonner's claims are "separate and distinct," their damages cannot be aggregated to meet the amount-in-controversy requirement. Wright & Miller, 14AA *Federal Practice and Procedure* § 3704 (4th ed. 2017). Thus, it is not facially apparent from plaintiffs' petition that either plaintiff seeks damages exceeding $75,000.

Because the basis for jurisdiction was ambiguous at the time of removal, the Court may consider the post-removal stipulations executed by plaintiffs. These stipulations clearly limit the damages each plaintiff seeks to $75,000, exclusive of interest and costs.[10] Given these stipulations, and given the lack of any evidence that the amount in controversy exceeds $75,000, the Court finds that remand is proper because there is no basis upon which to conclude that the jurisdictional threshold is satisfied.

---

[8] *Id.* at 3.
[9] *Id.* at 27.
[10] R. Doc. 4-1.

## III. CONCLUSION

For the foregoing reasons, this case is REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __26th__ day of December, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE